UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
─────────────────────────────
                              :
CHRISTOPHER DARE, et al.,     :
                              :    Civil Action No.
             Plaintiffs,      :    09-4175-NLH-JS
                              :
             v.               :    OPINION
                              :
COMCAST CORP., et al.,        :
                              :
             Defendants.      :
─────────────────────────────
```

**<u>APPEARANCES</u>**:

Steven Bennett Blau, Esquire
Shelly A. Leonard, Esquire
BLAU, BROWN & LEONARD, LLC
304 Newark Avenue
Jersey City, NJ 07302

　　　*Attorneys for Plaintiffs*

Stephen J. Kastenberg, Esquire
Daniel V. Johns, Esquire (pro hac vice)
Jamie B. Lehrer, Esquire
BALLARD SPAHR LLP
Plaza 1000 - Suite 500, Main Street
Voorhees, NJ 08043

　　　*Attorneys for Defendant Comcast Cable
Communications Management, LLC*

Christine P. O'Hearn, Esquire
Diane S. Kane, Esquire
BROWN & CONNERY, LLP
360 Haddon Avenue
P.O. Box 539
Westmont, NJ 08108

　　　*Attorneys for Defendants Lippincott Communications, Inc.,
Ron Lippincott, Ken Lippincott, Susan Fleetweeod, Bruce Ward,
Dawn Lippincott, Tom Riglin, and Donald Scholes*

**HILLMAN, District Judge**

This matter comes before the Court on the motion of Plaintiffs Christopher Dare, Jay Arbuckel, and Steve Palmer (collectively, "Plaintiffs") to sever and remand all state wage and hour claims pursuant to Fed. R. Civ. P. 21.  For the reasons set forth below, Plaintiffs' motion will be denied.

## I.   BACKGROUND

Plaintiffs initially filed their Complaint in this case on July 7, 2009 in the Superior Court of New Jersey, Gloucester County, alleging violations of both the Fair Labor Standards Act ("FLSA") and New Jersey wage and hour laws.  Defendants subsequently removed the case to this Court on August 14, 2009, pursuant to 28 U.S.C. §§ 1331, 1441, on the basis of federal question jurisdiction.  Plaintiffs now move to sever and remand their New Jersey wage and hour law claims.

## II.  DISCUSSION

Fed. R. Civ. P. 21 provides for the severance of claims "at any time, on just terms."  Courts must balance several considerations in determining whether severance is warranted, including "the convenience of the parties, avoidance of prejudice to either party, and promotion of the expeditious resolution of the litigation."  German v. Federal Home Loan Mortgage Corp., 896 F. Supp. 1385, 1400 n.6 (2d Cir. 1995); see also Official Committee of Unsecured Creditors v. Shapiro, 190 F.R.D. 352, 355

2

(E.D. Pa. 2000).  Specific factors that must be weighed are:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

In re Merrill Lynch & Co., Inc. Research Reports Securities Litigation, 214 F.R.D. 152, 154-55 (S.D.N.Y. 2003).

In this case, the factors all weigh against severance at this time.  With regard to the first two factors, it is clear that both Plaintiffs' state and federal claims arise from and are predicated upon the same set of core facts.  Specifically, both claims are based on the fact that Defendants allegedly failed to pay its employees for overtime or off-the-clock hours worked, failed to provide the required minimum wage, and took unauthorized deductions from employee wages.  As to the third factor, severance of the state claims would require the parties to litigate parallel cases with duplicative discovery, thereby frustrating judicial economy.  Fourth, there is no indication that any of the parties would be prejudiced by not severing Plaintiffs' state law claims at this time.  Finally, there is no indication that the state and federal claims would require different witnesses or documentary proofs.

Although Plaintiffs have raised a number of arguments in support of their position that the claims should be severed, all are without merit.  First, Plaintiffs argue that their state law claims should be severed and remanded in this case because "an FLSA opt-in collective action and a state law wage and hour opt-out class action are 'inherently incompatible.'"  (Pl. Br. at 3.) However, this is not an accurate statement of the law.  Although Plaintiffs cite to De Asencio v. Tyson Foods, Inc., 342 F.3d 301 (3d Cir. 2003) in support of their argument, this case does not stand for that proposition.  To the contrary, the Third Circuit's holding in De Asencio was premised on a case-specific analysis of supplemental jurisdiction, and not any alleged incompatibility between Rule 23 class actions and FLSA collective actions.  See 342 F.3d at 312.  Plaintiffs have failed to cite to any case in which the state class action claims were dismissed on the basis of their alleged inherent incompatibility with FLSA claims.[1]

---

[1] The Court notes that only two of the opinions cited by Plaintiffs use the language "inherent incompatibility" in dismissing state class action claims.  See Herring v. Hewitt Sssociates, Inc., No. 06-0267 (GEB), 2006 WL 2347875 (D.N.J. Aug. 11, 2006); Himmelman v. Continental Casualty Co., No. 06-0166 (GEB), 2006 WL 2347873 (D.N.J. Aug. 11, 2006).  Yet both of the dismissals in those cases were predicated upon supplemental jurisdiction, and not any inherent incompatibility.  See Jackson v. Alpharma Inc., No. 07-3250 (GEB), 2008 WL 508664, *4 n.3 (D.N.J. Feb. 21, 2008) ("Although not specifically addressed in the short unpublished opinions in Herring and Himmelman, the state law claims dismissed in those cases were predicated on supplemental jurisdiction.")

4

Second, Plaintiffs argue that the differences between the opt-in nature of their FLSA collective action and the opt-out nature of their state law class action warrants severance of the state law claim.  However, the Court finds the procedural differences between the state and federal claims to be outweighed by the common questions of fact and substantive law.  See De Asencio, 342 F.3d at 307-312 (noting that bringing state law class action in same case as FLSA claim "may be proper strategy where the state and federal actions raise similar issues and require similar terms of proof"); Cannon v. Vineland Hous. Auth., 627 F. Supp. 2d 171, 176 n.4 (D.N.J. 2008) (noting that FLSA and New Jersey wage and hour laws employ same test for overtime claims).

Third, Plaintiffs argue that denial of the motion will prejudice them by delaying both class certification and the speedy trial of their state claims by a state court should this Court decline to exercise supplemental jurisdiction at some point in the future.  However, the Court can conceive of no reason why the presence of both state and federal claims in this action would prevent Plaintiffs from seeking to certify the class in a timely manner.  Indeed, since filing the instant motion Plaintiffs have moved to conditionally certify the class for their state claims.  Further, any hypothetical delay Plaintiffs might suffer should the Court decline supplemental jurisdiction

5

at some point in the future is outweighed by the very real prejudice of having to conduct parallel state and federal court actions with expensive, duplicative discovery that Defendants would face were this motion granted.  Plaintiffs contention that Defendants would not be prejudiced by severing the state claims because any duplicative discovery, additional expense, or inconsistent results could have been avoided if they declined to remove the case is likewise unavailing.  Plaintiffs have not cited any authority to suggest that a defendant waives its right to argue that it would be prejudiced by an action simply by exercising its right to remove a case involving a federal question.

Finally, Plaintiffs argue that the state claim should be severed because it will substantially predominate the FLSA claim. This argument implicates the Court's exercise of supplemental jurisdiction over Plaintiffs' state claim.  District courts have supplemental jurisdiction over any claims that share a "common nucleus of operative fact" with a claim over which they have original jurisdiction.  See 28 U.S.C. § 1367(a); De Asencio, 342 F.3d at 307-312.  The courts may nonetheless decline to exercise supplemental jurisdiction if "the state law claim substantially predominates over the claim or claims over which the district court has original jurisdiction."  28 U.S.C. § 1367(c)(2). Generally, a state claim will be found to substantially

predominate where it "'constitutes the real body of a case, to
which the federal claim is only an appendage' - only where
permitting litigation of all claims in the district court can
accurately be described as allowing a federal tail to wag what is
in substance a state dog." Borough of W. Mifflin v. Lancaster,
45 F.3d 780, 789 (3d Cir. 1995) (quoting United Mine Workers v.
Gibbs, 383 U.S. 715, 727 (1966)); see also De Asencio, 342 F.3d
at 309.  In such instances, "the state claims may be dismissed
without prejudice and left for resolution to state tribunals."
Gibbs, 383 U.S. at 726.

The Third Circuit has made clear that in examining
supplemental jurisdiction over state wage and hour claims brought
alongside an FLSA collective action:

> [a] court must examine the scope of the state
> and federal issues, the terms of proof
> required by each type of claim, the
> comprehensiveness of the remedies, and the
> ability to dismiss the state claims without
> prejudice to determine whether the state claim
> constitutes the real body of the case.  This
> is necessarily a case-specific analysis.

De Asencio, 342 F.3d at 312.  This analysis may only be conducted
after the parties have completed substantial discovery, the opt-
in procedure is completed, and the plaintiffs move for class
certification of their state claims.  See id. at 309-312.

In this case, the opt-in procedure for Plaintiffs' FLSA
claim has not been completed and discovery is ongoing.  Further,
although Plaintiffs have moved for conditionally certify the

7

state law class, this motion is still pending before the Court. Accordingly, it is premature for the Court to consider whether Plaintiffs' state law claim substantially predominates over its FLSA claim such that the Court should decline supplemental jurisdiction. Plaintiffs' argument on this issue is therefore not a proper basis for severance at this time.

**III. CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Sever and Remand State Wage and Hour Claims will be denied. An Order consistent with this Opinion will be entered.


Dated:  June 23, 2010          s/ Noel L. Hillman
                               HON. NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey